UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CATHERINE WILLIAMS,

    *Plaintiff*,

v.

DISTRICT OF COLUMBIA,

    *Defendant*.

Civil Action No. 1:19-cv-01353 (CJN)

## MEMORANDUM OPINION

Catherine Williams filed this lawsuit in the Superior Court of the District of Columbia, alleging Fifth Amendment violations and negligence by the District of Columbia after construction on an adjoining property damaged her home. *See* Compl. ¶¶ 25–65, ECF No. 1-1 at 2. The District removed to this Court and moved to dismiss. *See generally* Notice of Removal, ECF No. 1; Def.'s Mot. to Dismiss, ECF No. 4. For the reasons that follow, the Court grants the District's Motion as to the constitutional claims but remands the negligence claim.

### I.     Background

Since 1996 Williams has owned 4513 Iowa Avenue NW, a single-family row house located in Petworth. *See* Compl. ¶ 4. In 2014, an entity named 4511 Iowa Avenue NW, LLC became the owner of 4511 Iowa Avenue NW, a building that shares a party wall with Williams's property. *Id.* ¶ 5.

4511 Iowa LLC decided to develop its property into a three-unit condominium, and to do so, it needed to increase the height of the structure by one level. *Id.* ¶ 6. Williams alleges that during the renovation 4511 Iowa LLC repeatedly failed to comply with various provisions of the D.C. Code, including the Mechanical and Building Codes. *See id.* ¶¶ 7–10. She further alleges

1

that the construction caused damage to the party wall, the joint exterior walls, her roof, and her basement. *See id.* ¶¶ 12–13.

Williams claims that her son communicated with the District's Department of Consumer and Regulatory Affairs ("DCRA"), a District agency that is responsible for regulating construction and business activity, *see, e.g.*, D.C. Mun. Regs. tit. 12, § 103A (2020), on her behalf during the construction. *See* Compl. ¶¶ 14–17. Williams alleges that in those communications DCRA told her son that 4511 Iowa LLC would not receive a certificate of occupancy unless it took specific steps. *See id.* ¶ 14. She further alleges that the DCRA imposed a stop work order based on issues with permitting but that DCRA never acted on that order. *See id.* ¶ 15. And she claims that in May 2016 DCRA issued a certificate of occupancy to 4511 Iowa LLC without addressing the construction and permitting issues she or her son previously identified. *Id.* ¶ 16.

On February 10, 2019, Williams filed her Complaint against the District, which includes three counts: a Fifth Amendment procedural due process claim; a Fifth Amendment substantive due process claim; and a negligence claim. *See generally id.* On May 9, 2019, the District removed under 28 U.S.C. § 1331 (2018), Notice of Removal ¶ 2, and on May 16, 2019, moved to dismiss all three claims for failure to state a claim, *see generally* Def.'s Mot. to Dismiss.

## II. Legal Standard

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), Williams must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded facts alleged in the

Complaint as true and draw all reasonable inferences from those facts in Williams's favor. *W. Org. of Res. Councils v. Zinke*, 892 F.3d 1234, 1240–41 (D.C. Cir. 2018).

### III. Analysis

#### A. William's Procedural Due Process Claim

Williams claims that she was denied procedural due process when the District denied her of her constitutionally protected right of the quiet use and enjoyment of her home. Compl. ¶¶ 25–40. The District argues, *inter alia*, that Williams received all the process she was due. *See* Mem. of P. & A. in Supp. of Def.'s Mot. to Dismiss ("Def.'s Mem.") at 5–10, ECF No. 4 at 4.

The Fifth Amendment Due Process Clause protects individuals from deprivations of "life, liberty, or property, without due process of law." U.S. Const. amend. V. "A procedural due process violation occurs when an official deprives an individual of a liberty or property interest without providing appropriate procedural protections." *Atherton v. D.C. Office of the Mayor*, 567 F.3d 672, 689 (D.C. Cir. 2009). "The first inquiry in every due process challenge is whether the plaintiff has been deprived of a protected interest in 'property' or 'liberty.'" *Ralls Corp. v. Comm. on Foreign Inv. in the U.S.*, 758 F.3d 296, 315 (D.C. Cir. 2014) (citation omitted). "If the plaintiff has been deprived of a protected interest, [the Court] then consider[s] whether the procedures used by the Government in effecting the deprivation comport with due process." *Id.* (citation and internal quotation marks omitted).

The District argues that, even assuming that William has alleged a cognizable property interest, her claim should be dismissed because she had notice and an opportunity to be heard. Def.'s Mem. at 6–10. The Court agrees. "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." *Ralls Corp.*, 758 F.3d at 317 (citation omitted).

In *Mathews v. Eldridge*, the Supreme Court established a three-factor balancing test to determine what due process requires:

> [I]dentification of the specific dictates of due process generally requires consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S. 319, 335 (1976) (citations omitted). Williams appears to argue that the District's actions—or inactions—raised a "risk of an erroneous deprivation." *See* Mem. of P. & A. in Supp. of Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n") at 10–12, ECF No. 6 at 3.[1] However, as the District details, extensive procedures exist to protect property owners like Williams. *See* Def.'s Mem. 7–10.

In particular, with respect to construction and renovation projects like the one at issue here, the District has adopted: (1) regulations governing stop work orders, which require an official to conspicuously post stop work orders after they are issued and which penalize unauthorized removal or obstruction of said stop work orders after posting, D.C. Mun. Regs. tit. 12, § 114.2–.3; (2) an appeals process if a stop work order is lifted, *see Minshall v. D.C. Dep't of Consumer & Regulatory Affairs*, 184 A.3d 352, 357 (D.C. 2018) (citing D.C. Mun. Regs. tit. 12, § 112.2.1); (3) a cause of action against a neighboring landowner under D.C. Code section 6-641.09(a) for unlawful construction, *Ne. Neighbors for Responsible Growth, Inc. v. AppleTree Inst. for Educ. Innovation, Inc.*, 92 A.3d 1114, 1125 (D.C. 2014) ("[Section] 6-641.09(a)

---

[1] Williams's briefing essentially repeats the facts alleged in her Complaint, is at times hard to follow, and does not respond to many of the District's arguments. *See, e.g.*, Pl.'s Opp'n at 8–12.

provides specific enforcement tools against unlawful construction or use—unlawful either because the necessary permit has not been obtained or, if a permit has been issued, it is not being complied with—to those neighboring property owners who would be specially damaged by the unlawful construction or use."); (4) regulations governing certificates of occupancy, which require the certificates to be "conspicuously posted in or upon the premises to which they apply so that they are readily visible to anyone entering the premises," D.C. Mun. Regs. tit. 12, § 110.1.8; and (5) an appeals process to challenge the granting of a certificate of occupancy, *Basken v. D.C. Bd. of Zoning Adjustment*, 946 A.2d 356, 366–367 (D.C. 2008) (first citing D.C. Code § 6-641.07(f); then citing D.C. Mun. Regs. tit. 12, § 110.6).

Once Williams observed that the stop work order was not issued or was withdrawn, that 4511 Iowa LLC was not abiding by the stop work order, or that DCRA had issued a certificate of occupancy to 4511 Iowa LLC, she could have taken advantage of the procedural protections outlined above—but she apparently took none of these steps. More importantly, Williams fails entirely to explain how she lacked notice and an opportunity to be heard, or to otherwise explain how those procedures are constitutionally inadequate. *See, e.g.*, *Elkins v. District of Columbia*, 690 F.3d 554, 561 (D.C. Cir. 2012) ("To state a procedural due process claim, a complaint must suggest what sort of process is due." (citation and internal quotation marks omitted)). Instead, Williams merely runs through a litany of alleged failures of the District in following its own regulatory and statutory obligations and claims that those failures caused damage to her property. *See* Pl.'s Opp'n at 10–12. But nothing in the due process clause guarantees Williams the specific outcome she desires. *See, e.g.*, *Nat'l Collegiate Preparatory v. D.C. Charter Sch. Bd.*, No. 19-1785, 2019 WL 7344826, at *3 (D.D.C. Dec. 11, 2019) ("[T]he due-process clause does

not protect any particular outcome; instead, it merely ensures that the procedures that led to such outcome are fair." (citing *Bishop v. Wood*, 426 U.S. 341, 350 (1976)).

### B. Williams's Substantive Due Process Claim

Williams substantive due process claim rests on her assertion that "[t]he District's refusal to enforce the Building Codes and Mechanical Codes as it relates to the development of 4511 by 4511 [Iowa] LLC is 'so outrageous . . . that it may fairly be said to shock the contemporary conscience.'" Pl.'s Opp'n at 12 (quoting *Chang v. D.C. Dep't of Regulatory & Consumer Affairs*, 604 F. Supp. 2d 57, 64 (D.D.C. 2009)). "[T]o maintain an action for a substantive due process violation a plaintiff must allege (1) the existence of a legally cognizable property interest, and (2) egregious governmental misconduct in depriving plaintiff of that interest." *Chang*, 604 F. Supp. 2d at 64 (citing *George Washington Univ. v. District of Columbia*, 318 F.3d 203, 206–09 (D.C. Cir. 2003)). Whatever the origins of substantive due process, assuming the existence of a cognizable property interest, "the threshold question is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Feirson v. District of Columbia*, 506 F.3d 1063, 1066 (D.C. Cir. 2007) (citation omitted). The conduct that is "[m]ost likely to rise to that level is conduct intended to injure in some way unjustifiable by any government interest." *Id.* at 1066–67 (citation and internal quotation marks omitted).

Williams argues that "looking at the totality of the District's failure to enforce the District of Columbia Building Codes and Mechanical Codes in this situation is clearly outrageous." Pl.'s Opp'n at 13. She alleges that the District's failure to enforce the stop work order, failure to ensure the construction was properly permitted, and failure to withhold the certificate of occupancy together "shock the contemporary conscience." *Id.* at 12–13. But Williams does not allege any intent on the part of the District or its employees to injure her property interest

6

(assuming, again, she has alleged one) in some unjustifiable way. *See Feirson*, 506 F.3d at 1066–67 (requiring unjustifiable, intentional government conduct); *Chang*, 604 F. Supp. 2d at 64 (dismissing a claim for failing to point to "any motivation on the part of defendants that would make such an allegation amount to stating a claim for a substantive due process violation"). And nothing in her Complaint rises to the level of conscience-shocking behavior. Without more, Williams fails to state a substantive due process claim.

### C. Williams's D.C. Negligence Claim

Finally, the District asks the Court to exercise supplemental jurisdiction over and dismiss Williams's negligence claim, Def.'s Mem. at 15; Williams asks for it to be remanded, Pl.'s Opp'n at 15–16. "Whether to retain jurisdiction over pendent state and common law claims after the dismissal of the federal claims is 'a matter left to the sound discretion of the district court' . . . ." *Shekoyan v. Sibley Int'l*, 409 F.3d 414, 423 (D.C. Cir. 2005) (quoting *Edmondson & Gallagher v. Alban Towers Tenants Ass'n*, 48 F.3d 1260, 1265–66 (D.C. Cir. 1995)). "A district court may choose to retain jurisdiction over, or dismiss, pendent state law claims after federal claims are dismissed." *Id.* (citing 28 U.S.C. § 1367(c)(3)). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Here, the balance of factors points towards declining to exercise jurisdiction over the negligence claim. The District argues that judicial economy will be best served by exercising supplemental jurisdiction over that claim because it arises out of the same facts as Williams's other claims. Def.'s Mem. at 15. That may be so, but other factors—especially comity and fairness—point towards remand. The negligence claim is governed solely by D.C. common law,

7

making D.C. Superior Court a more appropriate forum. And that claim appears to involve a common-law doctrine—the public duty doctrine, adopted by the D.C. Court of Appeals to "shield the District and its employees from liability arising out of their actions in the course of providing public services," *Hines v. District of Columbia*, 580 A.2d 133, 136 (D.C. 1990)—the contours of which are better established and applied by the District's local courts. Further, Williams originally filed this action in D.C. Superior Court removal was based on federal question jurisdiction. Notice of Removal ¶ 2. With her federal claims both dismissed, remand to D.C. Superior Court is a more appropriate outcome.

### IV. Conclusion

For the foregoing reasons, the District's Motion is **GRANTED IN PART** and **DENIED IN PART**. The Court **DISMISSES** Williams's procedural and substantive due process claims (Counts I and II) and **REMANDS** her negligence claim (Count III) to D.C. Superior Court. An Order will be entered contemporaneously with this Memorandum Opinion.

DATE: March 23, 2020

CARL J. NICHOLS
United States District Judge